————————o————————

No. 5816.

### ROBERT BENSBERG vs. NEW ORLEANS TERMINAL COMPANY, ET AL.

#### Syllabus.

Where there is no conflict of testimony the matter is solely one of appreciating the effect to be given to the evidence as adduced; and there is no occasion for applying the rule relative to the weight to be given to the finding of the trial Judge in cases of conflicting testimony.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1310, Honorable P. E. Edrington, Judge.

Conrad A. Buchler, for plaintiff and appellee.

Foster, Milling, Brian & Saal, Dufour & Dufour, George Janvier, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This suit is for the recovery of the value of a cow that was killed by a passenger train of one of the defendants; there was judgment below for plaintiff against said defendant, and the latter appealed.

There is no substantial conflict in the evidence, and our appreciation thereof leads us to the conclusion that the trial Court erred in holding appellant liable, the latter having affirmatively established, as it was bound to do, its freedom from negligence in the premises.

Plaintiff's only witness to the accident viewed it at a distance of four or five hundred feet, and all he states is that his attention having been directed to the matter by the cries of some children, he saw the cow run along the track some fifteen or twenty feet before it was struck by the engine. On behalf of appellant, the fireman and engineer of the train testify that the cow, which had been standing motionless some twenty-five feet from the track, suddenly started to attempt to cross it when the train was about sixty feet away, and that it was impossible to stop the train, which was going at the rate of eight miles an hour, in time to avert the accident, though the emergency brakes were promptly applied in an effort to do so, the engineer testifying (and he is no where contradicted) that in an emergency the shortest space within which the engine, drawing four coaches and running at the rate of eight miles an hour, could have been stopped, would be about two hundred feet.

With the record in this condition it is apparent that the defendant has sustained the burden of provng its freedom from negligence, and that the trial Court erred in its appreciation of the legal effect of the facts disclosed thereby.

It is accordingly ordered that the judgment appealed from be reversed and that plaintiff's suit be dismissed insofar as the appellant is concerned, at plaintiff's costs, in both Courts.

Reversed.

Opinion and decree, November 10, 1913.